UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN R. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-cv-01217-DDN |
| | ) |
| JASON LEWIS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on review of the prisoner civil rights complaint filed by plaintiff John R. Jones. (Docket No. 1). Based on that review, and for the reasons discussed below, the Court will transfer this case to the United States District Court for the Western District of Missouri.

**Background**

Plaintiff is a self-represented litigant who is currently incarcerated at the South Central Correctional Center (SCCC) in Licking, Missouri. He brings this civil action pursuant to 42 U.S.C. § 1983, naming ten separate defendants: SCCC Warden Michele Buckner; Functional Unit Manager Wade; Chaplain Collins; Correctional Officer (CO) Deana Kelts; CO Christopher Meier; Nurse Sullivan; Dr. Chada; Director of Nursing Kathy Barton; Nurse Cheryl Edington; and Deputy Division Director Jason Lewis. (Docket No. 1 at 2). Defendants Wade, Kelts, Meier, Sullivan, Chada, Barton, and Edington are sued in their individual capacities, Warden Buckner is sued in her official capacity, and Chaplain Collins is sued in both capacities. Plaintiff does not indicate the capacity in which Deputy Division Director Lewis is sued.

In the "Statement of Claim," plaintiff asserts that he "is a disabled inmate" who is required to use the "handicap shower" at the SCCC. (Docket No. 1 at 8). According to plaintiff, the

positioning of the handicapped-accessible shower means that "anyone walking past" the shower or "standing in front of the control booth or in front of A-wing" can see an inmate's "full body while showering." Plaintiff further states that his requests for a curtain have been denied, and that he has been given conduct violations for covering the shower. (Docket No. 1 at 3). He also alleges deliberate indifference to his medical needs with regard to a shoulder and bicep injury he suffered while at the SCCC. (Docket No. 1 at 5-6). Based on these facts, plaintiff seeks a preliminary injunction to force the Missouri Department of Corrections to allow him to have surgery, as well as nominal, punitive, and compensatory damages. (Docket No. 1 at 9).

## Discussion

As set forth above, plaintiff is a self-represented litigant who has filed a prisoner civil rights complaint under 42 U.S.C. § 1983, claiming that his constitutional rights were violated while he was an inmate at the SCCC. After reviewing plaintiff's complaint, the Court finds that he has not adequately alleged venue in the Eastern District of Missouri. Venue over civil actions properly resides only in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If venue is improper, the Court must either dismiss the action or, in the interest of justice, transfer the action to the proper district. 28 U.S.C. § 1406(a).

In the instant action, plaintiff asserts that his constitutional rights were violated while he was an inmate at the SCCC, which is located in Licking, Texas County, Missouri. Texas County is located within the Southern Division of the Western District of Missouri. *See* 28 U.S.C.

§ 105(b)(5). Also, all defendants are alleged to be located within the Western District.[1] Because all events giving rise to plaintiff's claims occurred in the SCCC, and because all defendants appear to reside in the Western District, venue is not proper in this District but is proper in the United States District Court for the Western District of Missouri.

When a case is filed "laying venue in the wrong division or district," the Court can either dismiss it or, "in the interest of justice, transfer such case to any district or division in which it could have been brought." *See* 28 U.S.C. § 1406(a). Because plaintiff is proceeding as a self-represented litigant, the Court finds it is in the interest of justice to transfer this case to the United States District Court for the Western District of Missouri. Plaintiff's motion for leave to proceed in forma pauperis will remain pending for review by that court.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall transfer this case to the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 1406(a).

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 29th day of November, 2022.

---

[1] Plaintiff states that defendant Lewis is located in Jefferson City, Missouri, while all other defendants are employed by the SCCC, in Licking, Missouri. Both Jefferson City and Licking are situated within the Western District of Missouri.

3